| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| AL-MON JOHNSON,<br><br>              Plaintiff,<br><br>        v.<br><br>K. ALLAN, *et al.*,<br><br>              Defendants. | Case No.  2:24-cv-00861-JDP (PC)<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE OPERATIVE COMPLAINT STATES VIABLE EIGHTH AMENDMENT AND STATE LAW CLAIMS AGAINST DEFENDANTS REYNOLDS, CHILDRESS, ALLAN, ROMO, AND DOES<br><br>ECF No. 1-1<br><br>**ORDER**<br><br>THE CLERK OF COURT IS DIRECTED TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S FOURTEENTH AMENDMENT CLAIMS BE DISMISSED<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brought this action in state court alleging violations of his federal and state rights based on an incident in which defendants allegedly allowed other inmates to attack him and, afterwards, failed to procure him medical aid for the serious wounds he sustained.  ECF No. 1-1 at 103-05.  The case was removed to this court by defendants.  ECF No. 1.  Plaintiff names four

1 officers—Allan, Romo, Childress, and Reynolds—as defendants. He also alleges that an
2 uncertain number of "Doe" defendants were involved, but these have not been identified or
3 served yet. After reviewing the complaint, I find that it states viable claims against all defendants
4 for violations of plaintiff's Eighth Amendment rights, and state law causes of negligence, Bane
5 Act, and negligent and intentional infliction of emotional distress. The "Doe" defendants cannot
6 be served, however, unless and until they are identified. Plaintiff's complaint fails, however, to
7 state a viable Fourteenth Amendment claim in connection with the incident. In the context of
8 failure to protect and failure to provide medical care, the Fourteenth Amendment applies to
9 pretrial detainees and not convicted prisoners.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Analysis

As stated above, the complaint states, for screening purposes, viable Eighth Amendment failure to protect and failure to provide medical care claims against all defendants. It also states viable state law claims for negligence, Bane Act, and negligent and intentional infliction of emotional distress. It fails, as stated above, to state a Fourteenth Amendment claim because failure to protect and inadequate medical care claims under that amendment apply only to pretrial detainees. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) ("[M]edical care claims brought by pretrial detainees also arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause . . . ."). These claims should be dismissed without leave to amend, as plaintiff appears incapable of arguing that he was a pretrial detainee at the time they occurred and, thus, any attempt to renew them would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (noting that, while dismissal should typically be with leave to amend, a court may dismiss without leave to amend where amendment would be futile).

Accordingly, it is ORDERED that:

1. Defendants shall file an answer to the operative complaint within twenty-one days of this order's entry.

2. The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's Fourteenth Amendment failure to protect and failure to provide medical care claims be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __July 18, 2024__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE