UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL-MON JOHNSON,<br><br>                Plaintiff,<br><br>    v.<br><br>K. ALLAN, *et al.*,<br><br>                Defendants. | Case No. 2:24-cv-0861-DJC-JDP<br><br>ORDER TO SHOW CAUSE |

       The court previously issued an order setting an initial scheduling conference for January 9, 2025, and directing the parties to file status reports by no later than December 26, 2024. ECF No. 11. Defendants timely submitted a status report. ECF No. 12. Plaintiff, however, failed to file his own status report.

       To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

The court will give plaintiff the opportunity to explain why sanctions should not be imposed for failure to file a status report. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed. Should plaintiff wish to continue with this lawsuit, he shall also file a status report as required by the court's November 15, 2024.

Accordingly, it is hereby ORDERED that:

1. The initial scheduling conference currently set for January 9, 2025, is continued to January 30, 2025, at 10:00 a.m.

2. By no later than January 16, 2025, plaintiff shall file a status report in accordance with the court's November 15, 2024 order. *See* ECF No. 11.

3. Plaintiff shall show cause, by no later than January 16, 2025, why sanctions should not be imposed for failure to comply with the court's November 15, 2024 order.

4. Failure to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution and for failure to comply with court orders.

IT IS SO ORDERED.

Dated:   January 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE