UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL-MON JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-0861-DJC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　On November 15, 2024, the court set this matter for a scheduling conference on January 9, 2025, and ordered the parties to file status reports fourteen days prior. ECF No. 11. Defendants filed a timely status report, ECF No. 12, but plaintiff did not. Therefore, on January 3, 2025, I ordered plaintiff (1) to show cause why this action should not be dismissed for his failure to comply with court orders, and (2) to file a status report by January 16, 2025. ECF No. 13. I also warned plaintiff that failure to comply with the court order would result in a recommendation that this action be dismissed. *Id*. I vacated the January 9 hearing date and reset the matter for January 30, 2025. *Id.*

　　　　Plaintiff did not file a status report by January 16, 2025, and has not filed one as of the date of this order. On January 30, 2025, Jacqueline Kallberg and Rachel Fisher appeared on behalf of defendants, but there was no appearance on behalf of plaintiff. ECF No. 14.

1

Accordingly, I recommend that this action be dismissed for plaintiff's failure to comply with court orders.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiff has failed to respond to court orders directing him to file a status report and failed to appear at the January 30, 2025 hearing. *See* ECF Nos. 11, 13, & 14. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The January 3, 2025, order expressly warned plaintiff that his failure to comply with court orders would result in dismissal. ECF No. 13. Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that

the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to comply with court orders for the reasons set forth in the January 3, 2025 order. *See* ECF No. 13.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 25, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3